UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| VICTORIA L. HENN, | ) |
|     Plaintiff | ) ) ) ) ) Civil No. 07-19-B-W |
| v. | ) ) |
| MAINE STATE POLICE, et al., | ) ) |
|     Defendants | ) |

**ORDER ON MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR APPOINTMENT OF COUNSEL
AND REQUIRING AMENDMENT TO COMPLAINT OR, IN THE ALTERNATIVE, RECOMMENDING DISMISSAL OF THE COMPLAINT AS TO THE NAMED DEFENDANTS**

Victoria Henn has filed a complaint seeking injunctive relief against the Maine State Police, the Vermont State Police, and the Federal Bureau of Investigation in Boston, Massachusetts and Rutland, Vermont.[1] Henn alleges that she and her fourteen year old son have been falsely profiled by the FBI and "have been subject to unwarranted, unjustifiable harassment in unusual psychological, physical, inhumane ways." She asserts that her residences have been bugged and a tracking device has been placed on her truck. She contends that she has been set up in an apartment in Baileyville, Maine that has a satellite receiver installed for the purpose of inflicting psychological harassment and mental cruelty.

I grant Henn's application to proceed in forma pauperis. (Docket No. 3.) I deny, without prejudice, Henn's motion for appointment of counsel (Docket No. 2) as there is

---

[1] Henn also suggests that the Department of Homeland Security might be responsible for some of the alleged transgressions against her and her son but she has not listed this entity in the caption she supplied expressly for the purposes of naming the defendants.

no constitutional right to the appointment of counsel in a civil action and as her complaint currently stands there is no reason to appoint counsel in this matter. Furthermore, this court does not have available a pool of attorneys to automatically appoint in civil litigation filed in this court as plaintiff seems to believe and to order that an attorney be appointed to represent a pro se plaintiff is an extraordinary step undertaken in very few instances. This decision does not depend solely upon the perceived merit or lack of merit of plaintiff's claim, but rather upon a combination of circumstances including the legal posture of the pleadings.

With regards to my screening of her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I conclude that Henn must amend her complaint if she wants to proceed with this action. First, as to the naming of the Maine State Police and the Vermont State Police, suing these entities is the same as suing a state and "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71(1989) and cannot be sued for monetary damages. That said, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" Id. 71 n.10 (quoting Kentucky v. Graham, 473 U.S. 159, 167, n. 14 (1985) citing Ex parte Young, 209 U.S. 123, 159-60 (1908)). Henn has not named a state official and it is not clear that she has any basis for doing so. Second, Henn's complaint does not comply with Federal Rule of Civil Procedure 10(b); all her averment of claims must be "made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." In this case it is doubly necessary that plaintiff do so, so that, in the

event she amends her complaint to actually allege persons in an official capacity who can be sued for prospective injunctive relief in a federal court, the persons being sued are able to frame a responsive pleading.

Accordingly, Henn's motion to proceed in forma pauperis is **GRANTED**. Her request for appointment of counsel is **DENIED**. Henn is given until March 1, 2007, to file an amended complaint joining necessary defendants and complying with Federal Rule of Civil Procedure 10. In the event Hann fails to comply with this order I recommend that the court dismiss this complaint with prejudice for failure to state a claim as to the Vermont State Police and the Maine State Police and dismiss the remainder of the complaint without prejudice against the FBI for failing to comply with Rule 10.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

February 7, 2007