UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| VICTORIA L. HENN,           )<br>                                              )<br>      Plaintiff                         )<br>                                              )<br>                                              )   Civil No. 07-19-B-W<br>      v.                                  )<br>                                              )<br>MAINE STATE POLICE, et al.,  )<br>                                              )<br>      Defendants                    ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Pending in this action brought by Victoria Henn is a motion to dismiss filed by the United States Department of Homeland Security and the Federal Bureau of Investigation. (Docket No. 20.) For the reasons that follow I recommend that the Court grant the motion.

*Discussion*

When she commenced this action Victoria Henn filed a complaint seeking injunctive relief against the Maine State Police, the Vermont State Police, and the Federal Bureau of Investigation in Boston, Massachusetts and Rutland, Vermont. In her initial complaint Henn alleged that she and her fourteen-year-old son have been falsely profiled by the FBI and "have been subject to unwarranted, unjustifiable harassment in unusual psychological, physical, inhumane ways." She asserted that her residences have been bugged and a tracking device has been placed on her truck. She contended that she has been set up in an apartment in Bailleyville, Maine that has a satellite receiver installed for the purpose of inflicting psychological harassment and mental cruelty. In this initial

complaint Henn also suggested that the Department of Homeland Security might be responsible for some of the alleged transgressions against her and her son but she had not listed this entity in the caption she supplied expressly for the purposes of naming the defendants.

After screening Henn's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I concluded that Henn must amend her complaint if she wished to proceed with this action. I warned that suing the Maine State Police and the Vermont State Police is the same as suing a state and "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71(1989) and cannot be sued for monetary damages. I observed that Henn had not named a state official and it was not clear that she has any basis for doing so. Id. at 71 n.10 (quoting Kentucky v. Graham, 473 U.S. 159, 167, n. 14 (1985) citing Ex parte Young, 209 U.S. 123, 159-60 (1908)). I also warned that Henn's complaint did not comply with Federal Rule of Civil Procedure 10(b) in that all her averment of claims were not separately numbered. I gave Henn an opportunity to file an amended complaint joining necessary defendants and complying with Federal Rule of Civil Procedure 10.

Henn has filed an amended complaint, setting forth her allegations in twenty-one separate paragraphs. In this amended complaint Henn makes it clear that she wishes to maintain this law suit against the Department of Homeland Security and the Federal Bureau of Investigation. As for the Department of Homeland Security, Henn seeks an immediate injunction and damages claiming that the department has inflicted psychological/mental and physical injury on Henn and her son and has killed their animals. With respect to the Federal Bureau of Investigation, Henn believes it played a

role in planting a satellite controlled receiver and tracking device in her truck in Wilmington, North Carolina, and the re-wiring of her Chevy S10 truck in Bellows Falls, Vermont.  Henn also seeks to stop these two agencies from using state and local police to harass, threaten, intimidate, or entrap her in any way.   Henn believes this court has jurisdiction because the two defendants are federal agencies.

With respect to her further factual allegations Henn believes that the eavesdropping equipment was used to listen in on her and the information so obtained was used against her and her twelve-year-old son in school to humiliate and intimidate him. ( Am. Compl ¶ 5.)  Henn contends that when she brought the eavesdropping equipment to the FBI in Wilmington  her truck was illegally searched and a tracking device was implanted.  (Id. ¶ 6.)  At some juncture Henn was asked how she found the equipment and a "fake mock show of them blowing up some newspaper in a plastic bag was put on" before they left.  (Id..)  Henn asserts that when she left North Carolina in July 2005, to take her son on a camping trip to the White Mountains in New Hampshire she was trailed by state police on the interstate and by local police squads throughout many towns.  (Id. ¶ 7.)  She indicates that there was "commotion and sickening sounds coming from the receiver" and that her golden retriever "flipped" when they arrived in Newport, Maine.  (Id. )  This dog was "later poisoned of antifreeze in Berlin, NH, using the teenage son of a social worker to do the dirty work."  (Id. )  Henn claims to have seen this boy with the box of tainted food.  (Id.)  Henn's states that her son has been subjected to embarrassing sexual harassment while trying to attend public school ever since he was twelve-years-old and the "principal, the school nurse, and the school cop are usually the messengers of penetration."  (Id. ¶ 9.)  According to Henn, the FBI removed all her bills

3

incurred from loss of work due to cancer when they went through all her school bags while they searched her truck. (Id. ¶ 13.) She alleges that false police reports have been fabricated about her when she tried to complain about harassment and false information has been integrated into the police database files about her, destroying her chances of employment.  (Id. ¶ 14.) Henn further alleges that her animals, son's life, and her truck have been threatened to discourage her from seeking justice through this action. (Id. ¶¶ 15, 16, 17.)

In their motion to dismiss the two agencies argue that the court does not have jurisdiction because Henn did not exhaust her administrative remedies, a prerequisite for asserting a tort claim against them under the Federal Tort Claims Act. (Mot. Dismiss at 4.) They submit appropriate affidavits from each agency in support of this assertion. (Docket Nos. 20-2 & 20-3.) They also point out that, to the extent that Henn is asserting a Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) claim, she cannot pursue such claims against federal agencies, see F.D.I.C. v. Meyer, 510 U.S. 471, 483-86(1994), noting that despite my earlier order Henn has not identified any individuals acting in their official capacity who might be subject to injunctive relief. (Id. at 5.) Finally, they assert that to the extent that Henn is asserting some claim other than a tort or a Bivens claim, her action should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.

In her pleading in response to the motion to dismiss Henn objects "on the very fact that a completely different middle name has replaced the true middle name of 'Linda', which, in fact is my true middle name." (Resp. Mot. Dismiss at 1.)[1] Henn notes that she

---

[1]  In Paragraph 4 of the Declaration of Margaret Chamberlin, from the Federal Bureau of Investigation, Chamberlin represents that she made a diligent search for any records retrievable under the

4

has filed a subpoena to obtain, under the Freedom of Information Act, all files kept on herself, Victoria Linda Henn, and her son, Aaron Christopher Henn.  She states:  "I know for a fact these files exist, and I have the legal right to obtain these files with reason of good cause, and evidence yet to be presented to the judge during a hearing I have requested."  (Id.)[2]  She also represents that she would like to file a second amended complaint to make it clear that she only intends to sue these two agencies, but such an amendment is unnecessary as her first amended complaint make this crystal clear.  (See also Docket No. 24.)

Although I acknowledge that Henn strenuously believes she has a factual basis for relief against these two agencies, the defendants have demonstrated meritorious legal reasons for dismissing this action.   Applying the law to the amended complaint, I conclude that the defendants are entitled to dismissal of the suit.

*Conclusion*

For the reasons set forth above, I recommend that the Court **GRANT** the motion to dismiss (Docket No. 20).

NOTICE

A party may file objections to those specified portions of a
magistrate judge's report or proposed findings or recommended decisions
entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by
the district court is sought, together with a supporting memorandum,
within ten (10) days of being served with a copy thereof.  A responsive

---

name of "plaintiff Victoria Lynn Henn."   The Declaration of Anthony Jones, from the Department of Homeland Security, indicates that a search was undertaken apropos "Victoria L. Henn."

[2]    On May 9, 2007, Henn filed a letter seeking oral argument and I denied that request, indicating that following consideration of the motion to dismiss pleadings I would consider whether oral argument was necessary.  (Docket No. 22.)  In my view this is not an instance in which either party is entitled to oral argument.

      memorandum shall be filed within ten (10) days after the filing of the objection.

          Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                              /s/ Margaret J. Kravchuk
                                              U.S. Magistrate Judge

May 22, 2007